IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK FRALEY,

    Plaintiff,

v.                            CASE NO. 16-3143-EFM

KAYLA TRANBARGER,
et al.,

    Defendants.

### ORDER

Plaintiff brings this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the Kansas Department of Corrections. He has filed this action alleging inadequate medical care after he broke off two front teeth. This matter is before the court on plaintiff's motion to appoint counsel (ECF No. 67) and separate motion to appoint a master (ECF No. 73). For the reasons stated below, both motions are denied.

**Motion to Appoint Counsel**

In civil actions such as this one, there is no constitutional right to appointed counsel.[1] The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.[2] In deciding whether to appoint counsel, the court must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[2] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

1

ability to investigate the facts and present his claims."³ "The burden is on the [prisoner] to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."⁴ It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."⁵

Plaintiff's motion requests counsel to help him understand legal authority. He also asserts counsel would be better able to present his case to the court because plaintiff has no legal training.

The court has considered plaintiff's motion and concludes that this is not a case in which appointment of counsel is justified, at least at this juncture. First, it is not clear that plaintiff's claims have merit. Second, the factual and legal issues in the case are not complex. The court has no doubt that the U.S. district judge assigned to this case will have little trouble discerning the applicable law. Third, plaintiff has demonstrated the ability to investigate his claims. Finally, plaintiff's briefs are cogent, and plaintiff appears capable of adequately presenting facts and arguments. The court therefore denies plaintiff's request for counsel. However, if the case survives defendants' anticipated motion for summary judgment, plaintiff is given leave to file another motion for appointment of counsel if it becomes apparent that appointed counsel is necessary at that time.

**Motion to Appoint Master**

Plaintiff requests the appointment of a master under K.S.A § 60-253 and K.S.A. § 60-216(c). Plaintiff's request is denied. First, these statutes set forth state procedural rules that are not applicable in this federal court. Second, even if the statutes were applicable, the reasons

---

³*Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

⁴*Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill,* 393 F.3d at 1115).

⁵*Steffey*, 461 F.3d at 1223 (modifications in original) (quoting *Rucks*, 57 F.3d at 979).

2

O:\ORDERS\16-3143-EFM-67.docx

given by plaintiff for his request for a master are essentially the same as the reasons given for his request for counsel. The court has determined above that plaintiff is capable of presenting his case to a U.S. district judge *pro se*.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order by the presiding U.S. district judge. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order. If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS THEREFORE ORDERED that plaintiff's motion to appoint counsel is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of a master is denied.

A copy of this order shall be mailed to plaintiff via regular mail.

Dated this 26th day of October, 2017, in Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
