UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK FRALEY

          Plaintiff,

v.                                                                                                                       Case No. 16-3143-JWB

KAYLA TRANBARGER, et al.,

          Defendants.

**<u>ORDER</u>**

Plaintiff Mark Fraley, who is incarcerated and proceeding pro se, brings this action against defendants for deliberate indifference to his serious medical needs. Before the court is plaintiff's motion for reconsideration of the pretrial order (ECF No. 99).[1] Because plaintiff offers no reason that would justify reconsideration of the pretrial order, his motion is denied.

Before addressing the merits of plaintiff's motion for reconsideration, the court briefly addresses defendants' argument that plaintiff's motion is untimely. The pretrial

---

[1] The pretrial order is ECF No. 96. Plaintiff titles his request for relief, "Plaintiff's Objections, Corrections, and Revisions to the Pretrial Order." ECF No. 99. Although this title could lead the court to construe plaintiff's filing as either an objection to a magistrate judge's order under Fed. R. Civ. P. 72, or a request for reconsideration of an order under D. Kan. Rule 7.3(b) and/or Fed. R. Civ. P. 60, plaintiff's reply brief clarifies that his filing is a "motion to reconsider the Pre-Trial Order." ECF No. 108 at ¶ 2.

1

order was filed on July 12, 2018.[2] Plaintiff filed his motion to reconsider 19 days later on July 31, 2018.[3] If the pretrial order is construed as a non-dispositive order, plaintiff's motion is untimely under D. Kan. Rule 7.3(b), which sets a 14-day deadline for seeking reconsideration of non-dispositive orders. But if the pretrial order is construed as a dispositive order, plaintiff may be seeking reconsideration under Fed. R. Civ. P. 60, which requires only that such a motion be filed "within a reasonable time." Plaintiff argues the pretrial order was dispositive because, as defendants recognize,[4] it only included plaintiff's claims and contentions after they had been narrowed by the pretrial process, not as they were pleaded in plaintiff's complaint.[5] The undersigned finds some support for plaintiff's position,[6] and is mindful that plaintiff is proceeding pro se. Thus, without definitively deciding the question, the undersigned construes plaintiff's motion as timely filed.

Nevertheless, plaintiff's request for reconsideration of the pretrial order is denied. Plaintiff's motion seeks substantial revisions to the pretrial order. For example, plaintiff requests revisions or deletions of more than half of the 34 stipulated facts listed in the order. Plaintiff also asks the court to modify the summary of relief requested by plaintiff to add a

---

[2] ECF No. 96.

[3] ECF No. 99.

[4] *See* ECF No. 103 at 2.

[5] ECF No. 108 at 2.

[6] *See Hallmark Hall of Fame Prods., Inc. v. McGee St. Prods., Inc.*, No. 00-1389-JAR, 2004 WL 3035553, at *1 (D. Kan. Jan. 26, 2004) (finding dispositive a final pretrial order that incorporated a decision to deny a request to compare the fault of a non-party).

request for non-monetary relief in the form of a "referral of an off-site (Prosethodontics [sic] Specialist) for a new (surgical implanted fixed prothetics [sic]) 'Crown' or 'bridge' work."[7] Such a request was not included in plaintiff's complaint or amended complaint. These are just a sample of the changes now requested by plaintiff.

The court agrees with defendants that these requests come in "the eleventh hour," after plaintiff was given ample opportunities to provide input in the preparation of the pretrial order but often didn't; after the input plaintiff did provide was incorporated into the parties' proposed pretrial order; and after the court carefully discussed with the parties at the pretrial conference changes the court would make to the parties' proposed order, without oral objection by plaintiff. The lateness of plaintiff's current requests and the antecedent pattern of silence by plaintiff are illustrated in the following timeline:

| | |
|---|---|
| November 1, 2017 | The scheduling order was filed, setting April 30, 2018, as the deadline for the parties to submit a jointly proposed pretrial order. ECF No. 77. |
| April 24, 2018 | Defense counsel provided plaintiff a proposed pretrial order. That same day, plaintiff telephoned defense counsel, who asked plaintiff to |

---

[7] ECF No. 99 at 11.

|  | review the proposed pretrial order and let counsel know his proposed revisions.[8] |
|---|---|
| | **Plaintiff did not respond.** |
| April 30, 2018 | Defense counsel submitted the proposed pretrial order to the undersigned's chambers as an attachment to an e-mail. The e-mail stated defense counsel had not heard back from plaintiff regarding plaintiff's proposed revisions to the proposed order. |
| May 14, 2018 | The undersigned convened what was scheduled to be a pretrial conference. ECF No. 91. Because **plaintiff was not prepared to discuss the proposed pretrial order**, the undersigned converted the conference to a status conference. The court ordered plaintiff to e-mail to defense counsel, that day, plaintiff's objections to defendants' proposed pretrial order, and the parties to meet the following week to discuss plaintiff's objections. ECF No. 92. |
| May 14, 2018 | Plaintiff e-mailed his objections (dated May 11, 2018) to defense counsel. Although plaintiff logged a number of objections to defendants' draft of the proposed pretrial order, **plaintiff did not offer** |

---

[8] Timeline entries without a citation to the court record are taken from defendants' response to plaintiff's motion for reconsideration (ECF No. 103) and were not controverted in plaintiff's reply to the same.

|               |                                                                                 |
|---------------|---------------------------------------------------------------------------------|
|               | **proposed revisions**, other than language on the governing law. ECF No. 103-1.[9] |
| May 17, 2018  | Defense counsel, via letter, asked plaintiff to "decide if any of the proposed [factual] stipulations" were acceptable and if "unacceptable in their current form, but you would find them acceptable if certain errors are corrected," to "be prepared to identify each such stipulation and the corrections" during the parties' scheduled telephone call. ECF No. 103-2. |
| May 25, 2018  | Plaintiff and defense counsel conferred via telephone and discussed revisions requested by plaintiff. |
| May 29, 2018  | Defense counsel provided plaintiff a "marked-up" copy of the proposed pretrial order indicating changes that had been made at plaintiff's request. ECF No. 103-3. Significantly, this copy indicates **plaintiff did not object to factual stipulations** that were eventually included in the pretrial order and to which plaintiff only now objects. Defense counsel asked plaintiff to notify him of any further revision requests. |

---

[9] The court denies plaintiff's request to strike from the record documents attached as exhibits to defendants' response brief that were not previously a part of the court record. ECF No. 108 at 4. There is no requirement that exhibits be restricted to court documents.

5

|  |  |
|---|---|
|  | **Plaintiff did not respond.** |
| June 6, 2018 | Defense counsel submitted the revised proposed pretrial order to the undersigned's chambers as an attachment to an e-mail. The e-mail stated defense counsel had not heard back from plaintiff regarding plaintiff's agreement to the revised version. Defense counsel mailed a copy of the e-mail and attachment to plaintiff.<br><br>**Plaintiff did not contact the court or counsel to request further revisions.** |
| June 26, 2018 | The undersigned conducted the pretrial conference. The undersigned discussed with the parties the revisions the court would make to their proposed pretrial order. Court staff mailed the court's draft of the pretrial order to the parties. ECF No. 95. |
| July 11, 2018 | Plaintiff received the court's draft pretrial order. ECF No. 97. |
| July 12, 2018 | The pretrial order was filed. ECF No. 96. |
| July 31, 2018 | Plaintiff filed his motion for reconsideration of the pretrial order, **21 days after receiving the court's draft of the pretrial order**, proposing for the first time a significant number of substantive revisions. ECF No. 99. |

The court declines, at this late hour, to make the changes plaintiff now requests. The court (and defense counsel) followed a clearly defined pretrial process to ensure the

6

pretrial order was entered by a date sufficiently in advance of summary-judgment deadlines that it would be useful in that stage of the court proceedings. Plaintiff was given ample opportunity to participate in the drafting of the pretrial order—indeed, plaintiff was even given a second chance by the court when he was not prepared to participate in the first-scheduled pretrial conference—but plaintiff largely chose to sit out of the process. The court will not permit plaintiff to subvert the pretrial process by granting the instant motion.

To the extent plaintiff asserts in his reply brief that the court should grant his motion to correct clear errors and prevent manifest injustice, plaintiff has not presented any argument or evidence that support these assertions.[10] Nor has plaintiff presented new evidence that would support making any of his requested revisions.[11] In short, the court finds no reason that would justify reconsideration of the pretrial order.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration of the pretrial order is denied.

---

[10] The fact that plaintiff received the court's draft of the pretrial order one day after the court's deadline for submission of requested changes does not indicate plaintiff would suffer manifest injustice if the filed pretrial order is allowed to stand.

[11] Plaintiff notes in his reply brief that he has learned for the first time that the undersigned's courtroom deputy e-mailed a copy of the court's draft pretrial order to defense counsel following the pretrial conference. But the courtroom deputy mailed plaintiff the same draft (because plaintiff is incarcerated, limiting his access to e-mail). In any event, this is not "new evidence" that has anything to do with the provisions of the pretrial order.

7
O:\ORDERS\16-3143-JWB-99.docx

IT IS FURTHER ORDERED that the clerk mail a copy of this order to plaintiff, along with a copy of the court's summary judgment guidelines per plaintiff's request in his motion (ECF No. 99 at 13).

Dated November 1, 2018, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge